

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

August 16, 2019

George Kostolampros

T 202.344.4426
F 202.344.8300
gkostolampros@venable.com

**VIA ECF**
The Honorable Joseph F. Bianco
Visiting Circuit Judge (sitting by designation in below referenced matter)
U.S. Court of Appeals for the Second Circuit
100 Federal Plaza
Central Islip, New York 11722

Re:   United States of America v. Kenner, Cr. No. 13-607 (JFB)

Dear Judge Bianco:

      We write on behalf of Danske Bank A/S, London Branch ("Danske") to object to the revised Proposed Preliminary Orders of Forfeiture ("Proposed Orders") that the government submitted on August 14, 2019.  Dkt. No. 693.  The government claims that its revised Proposed Orders address the issues discussed at the July 2, 2019 hearing, but they do not.  Contrary to this Court's prior admonishments, the government again simply goes it alone without seeking any input from the third parties the Court has made clear it seeks to protect from undue harm.  The government's submission is made on the eleventh hour of both the forfeiture proceeding and of the resort's viability as a going concern.  In the last several weeks, the interested third parties (e.g., Danske, the developer, and a homeowner representative) contacted the government to apprise the government of the dire straits of the resort.  Namely, there is no liquidity available to the resort, other than ongoing sales.  Ongoing sales, however, will not be enough to continue development of the next phase of the resort (which are required for further sales).  Danske has made clear that it will not extend the maturity of its revolving loan or otherwise advance new funding.  Danske requested a meeting with the government and that meeting is scheduled for September 5, 2019 to discuss a proposal (which could also be an alternative to forfeiture of the resort) that could allow for the sale of Danske's note that would also provide for liquidity to the resort so that development and sales could continue.  Surprisingly, although the government has agreed to meet with Danske on September 5, it nevertheless filed its revised Proposed Orders prior to that meeting and without any input from Danske or, to our knowledge, any other interested third-party.

      In its revised Proposed Orders, the government has finally relinquished the idea of seeking forfeiture of thousands of timeshare and land sale interests.  But this limited recognition does not solve the liquidity crises and the harm that will result and has resulted to the resort from the ongoing forfeiture proceedings.  As the Court recognized in March 2019 and again in July 2019, the government's position—which is simply to forfeit the resort without contemplating



The Honorable Joseph F. Bianco
August 16, 2019
Page 2

how the resort will be maintained as a going concern once it is forfeited—does not protect third party interests. For instance, who will manage and develop the resort if the government's Proposed Orders are entered? Does the government expect that the current developer and his team will continue working on the resort when the government has made clear that it seeks to forfeit all of the developer's interest? Or does the government expect the U.S. Marshals to somehow maintain the going concern of the resort? Also, what is to stop interested third parties (like current time share and property owners) from filing actions in Mexico to protect the promises that were made to them regarding the resort? The Proposed Orders also do not address the Court's questions about what will happen to the resort's value (and third-parties' interest in that value) during a lengthy interlocutory sale; this failure is all the more remarkable given that the Court raised *this very issue* at the July 2, 2019 status conference. *See, e.g.*, July 2. 2019 Tr. at 14:16-20 ("This open-ended interlocutory sale issue could go on for a very long time and I'm not sure what's going to happen to the value of the property and to innocent third parties in the interim.").

The government also blindly refuses to acknowledge that the continuing forfeiture process has contributed to the resort's financial condition today. Indeed, the government's latest submission continues to include seizure language in the Proposed Orders—language that, notwithstanding the government's carve-out for certain third-party interests, can devastate the development and sales process at the resort because of uncertainty about how a government seizure of the resort would affect the development plan and a prospective purchaser's value.

Finally, in its Proposed Orders the government potentially seeks to clawback sales to certain third parties. For some unknown reason, the government has included Danske's current and former employees, including naming two current Danske employees specifically in the Proposed Orders. The government knows full well that those individuals have not purchased or acquired any property interest in the resort as they have had access to all sale records and have recently asked for and, assumingly reviewed, those records. It is simply outrageous that the government would include Danske's employees by name (as well as any current and former employees in general) in their clawback language when they have simply offered no basis for making such a claim. Furthermore, Danske's named employees have confirmed that they hold no property or other financial interest in the resort or associated enterprises, making their inclusion in the carve-out even more curious.

Danske intends to file with the Court a more detailed submission challenging the government's revised Proposed Orders. We believe such a filing would be more proper after we have had a chance to meet with the government in person on September 5. We respectfully request that the Court delay issuing any Preliminary Order of Forfeiture until Danske meets with the government on September 5 and allows for the interested third parties to file responses to the government's revised Proposed Orders.



The Honorable Joseph F. Bianco
August 16, 2019
Page 3

                                                  Respectfully,

                                                George Kostolampros
                                                Doreen S. Martin

cc: All parties of record via ECF
Thomas McC. Souther, Esq. and Kevin P. Mulry, Esq. (by email)
Marc Wolinsky, Esq. (Diamante Doce, LLC) (by email)