**TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.**
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042

410-964-0300

NEW JERSEY OFFICE:
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311

201-342-6665

May 7, 2021

Honorable Joseph F. Bianco
Visiting United States District Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

BY ECF

         Re: <u>United States v. Constantine</u>
           13 Cr. 607 (JFB)

Dear Judge Bianco:

  Defendant Tommy Constantine's ("Constantine") respectfully submits this letter in reply to government's response (DE 1031) to his motion to extend his surrender date. Although the government certainly has a legitimate interest in achieving finality in this case after years of post-trial and sentencing litigation, that concern does not justify the baseless accusations directed at Constantine, Dr. Tyler Southwell ("Dr. Southwell") and counsel in its publicly filed letter. Without any substantiation, the government proffers, in a section of the letter entitled "The Defendant's Efforts to Delay Surrender," an alleged collaborative effort to delay Constantine's voluntary surrender to the Federal Bureau of Prisons ("BOP"). Govt. Let., p. 2. This claim, which the government makes without any evidence, is without merit   The government's separate allegation that Constantine "appears to be engaged in questionable 'business' efforts" is similarly inaccurate. Govt. Let., p. 3.

**<u>Refutation of Delay Accusations</u>**

  The government writes, "Though defendant could have moved for bond pending appeal at sentencing, the defendant waited until his surrender date was three weeks away before so moving." The clear (and totally unsupported) implication therein being that the defense team, including counsel, strategically delayed filing the bail pending appeal motion to increase the likelihood of the Court granting a subsequent request for an extension of his voluntary surrender

Honorable Joseph F. Bianco
May 7, 2021
Page 2

date.

The facts, however, refute this accusation. Constantine was sentenced on November 10, 2021. During his sentencing hearing, the Court granted defendant's request for voluntary surrender and ordered him to report to his designated facility by February 15, 2021. The Court added, "If there is not a designation at that time, I will not make you report." 11/10/21 Tr. p.103. As the Court and the government are aware, because the filing of the Judgment initiates the designation process, the Federal Bureau of Prisons does not, and cannot, designate a defendant's place of incarceration until the Judgment has been filed. Logically, a defendant wishing to delay surrender would welcome the longest possible delay of the filing of the Judgment, particularly in a case, like this one, where the Court has indicated a willingness to extend the surrender date absent designation. Yet, Constantine, through counsel, on several occasions contacted Chambers by email and telephone to inquire when the Judgment would be filed so that the designation process could commence. This conduct is entirely inconsistent with that of an individual endeavoring to delay incarceration. The Judgment was originally filed on December 30 2020 (DE 977), and an amended Judgment was entered on January 4, 2020 (DE 980).

Furthermore, Constantine requested immediately upon his sentence that a motion for bail pending appeal be filed on his behalf. However, for numerous reasons, including the nature of the sentencing hearing, counsel's obligations to other clients and the probability that separate appellate counsel would likely be retained on defendant's behalf by a group of benefactors, the decision was made to file the motion after the Judgment was filed. Defendant's motion was filed within four weeks of the filing of the original Judgment; a period of time that included portions of the holiday season. This course of action was not dilatory.

Similarly specious is the government's "concern[] that Constantine is running out the clock on his motion for bond pending appeal, mooting it entirely." Govt. Let., p. 3. Upon the filing of the Appellant's brief, the government then has up to 91 days to file a Responsive Brief and then the Appellant is afforded up to 21 days to reply. Second Circuit Local Rule 31.2. After the briefing is fully complete, as this Court is uniquely positioned to know, the scheduling and conducting of oral argument and the filing of a decision regularly takes over a year, and rarely less than nine months, absent special circumstance not present in the instant case. Assuming, then, that the government's position is that Constantine is attempting to delay his surrender by approximately eighteen months, the government has made this highly speculative and reckless accusation with no facts and offered no explanation, and the argument should therefore be rejected.

The government next suggests that since both the current extension request and a prior extension request were filed on the "precipice" of impending surrender dates, the timing of the motions must have been designed to cause delay. Govt. Let., p. 3. The government thereby implies to the Court that these late filings demonstrate that defendant is attempting to manipulate the motion process to avoid surrender. Common sense and experience suggest otherwise. The well-known practice in this district (and others) is that surrender extension motions are almost always filed on the "precipice" of a surrender date. An impending surrender date is the event that renders an extension motion relevant and timely.

Honorable Joseph F. Bianco
May 7, 2021
Page 3

       The government also, without any basis, accuses Constantine of fabricating, with the assistance of a reputable physician, a serious health condition in order to cause delay of his surrender.  First, according to the government, because Constantine did not include his health concerns in his bail motion, the veracity of his claimed health issues is suspect.  Govt. Let., p. 2.  Constantine did not discuss his health concerns in his bail motion not in an effort to delay or because they did not exist, but for the more logical reason that such a discussion in a bail pending appeal motion would have been inappropriate.  Physical health is not a relevant consideration in such a motion.  *See* 18 USC § 3143(b) (bail pending appeal is based only on the determination of whether a defendant is a risk of flight or poses a danger to the safety of others and whether the defendant "raises a substantial question of law or fact likely to result in a reversal [or] an order for a new trial.").  Constantine similarly did not raise other potential reasons for delayed surrender not applicable to the legal standard in such motions such as, for example, the grave dangers caused by the COVID-19 pandemic inside the BOP.  Choosing not to alert the Court to irrelevant facts or to make inapplicable arguments does not make those issues any less genuine.

       Next, the government claims, again without evidence, that the fact that Constantine was able to travel to his sentencing "without apparent incident" from his hernia indicates that the condition was fabricated.  Govt. Let., p. 2.  Although ▌▌▌▌▌▌ may render travel uncomfortable, the injury does not prohibit travel so the lack of "apparent incident" is entirely meaningless.  The government is also in no position to make any definitive statement as to whether Constantine's travel from Arizona to New York was with or without "incident," whatever the government means by this term.



       Similarly, because Constantine "did not identify any ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, at the sentencing hearing", the government implies that he is malingering.  Govt. Let., p. 2.  In his original sentencing submission, Constantine informed the Court of his relevant medical history; primarily including ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌.  There was no practical reason to raise ▌▌▌▌▌▌▌▌▌▌ at the hearing because these conditions were not relevant at the time.  The Court granted over ninety days for voluntary surrender and that time period appeared to be more than enough to address the issue.  The government is correct that ▌▌▌▌▌▌▌▌▌▌▌ commenced in Arizona, and it was anticipated that ▌▌▌▌▌▌▌▌▌▌▌ would take place well before the February 15, 2020 surrender date.

       However, as detailed in Dr. Southwell's February 15, 2021 letter, "Due to the COVID 19 outbreak patients like Tommy have seen huge delays in getting ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌" (DE 949).  Dr. Southwell also informed the Court that, as of the date of his letter, ▌▌▌▌▌▌▌▌▌▌▌ were back on track and stated that ninety days would be sufficient for Constantine to ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌.

       In a second letter, dated April 26, 2021, that was attached as an exhibit to the pending motion, Dr. Southwell wrote that "▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌."  Without any medical support or evidence, the government baldly asserts that, despite this diagnosis, "The defendant has not demonstrated that his medical condition is so significant or severe as to be beyond the capacity of

Honorable Joseph F. Bianco
May 7, 2021
Page 4

the … BOP." Govt. Let., p. 3. In other words, the government's layman's opinion, which it does not explain, is that it is safe for Constantine to enter prison ███████████████████████.

Not content at offering its own unsupported medical diagnosis, the government continues by repeatedly and unfairly impugning the integrity of Dr. Southwell. For example, the government insinuates that Dr. Southwell would fabricate a diagnosis for Constantine and that his letters submitted to the Court lack credibility. The government writes, "Should the Court be inclined to grant [the instant] application, the government respectfully requests that the Court schedule a hearing at which the Court and the government may inquire of Dr. Southwell about the nature of the defendant's medical status." Govt. Let., p. 3-4. Conspicuously absent from the government's letter is the fact that it has already engaged in such an inquiry. After his February 9, 2021 letter was filed with the Court, an agent, at the direction of government, interviewed Dr. Southwell regarding Constantine's condition and the basis and accuracy of the diagnosis. Despite the obvious relevance to the government's requested hearing (and the relevance to its baseless character attacks of a board-certified physician), the government fails entirely to inform the Court that it has interviewed Dr. Southwell, let alone to describe the information Dr. Southwell voluntarily provided in response to the agent's questioning.

During this interview, the government also inquired about the relationship between Dr. Southwell and Constantine. Dr. Southwell informed the government that he does not have a personal relationship with Constantine and came to know defendant through his extraordinary assistance to the doctor in his efforts to obtain Personal Protective Equipment during the height of the COVID 19 pandemic and that that is why he filed a letter of support for Constantine during the sentencing litigation. Despite knowing Dr. Southwell's motivations for his letter of support, the government intimates throughout its letter that because Dr Southwell's sentencing letter did not include information on Constantine's health issue, a relationship must exist between the two that would lead Dr. Southwell to fabricate or exaggerate defendant's current health issues. This allegation is baseless and refuted by a quick review of the contents of Dr. Southwell's letter of support and the later-filed letters he filed as defendant's physician.

Without question, the period from conviction to sentencing in this case has been extended. However, as the Court is aware and has commented upon, during this time, the parties have been involved in active and complicated litigation. Additionally, the COVID 19 pandemic substantially contributed to the delay in sentencing. The government has failed to establish with any credible evidence that Constantine has engage in dilatory tactics to delay his surrender to the BOP. Constantine stands ready to commence his sentence but asks that he be allowed to do so after addressing his very serious health condition.

**Refutation of Crypto Currency Allegations**

Based on information from an individual identified as Witness 1, and without any further investigation, the government advises the Court that "defendant appears to be engaged in questionable 'business' efforts;" namely, allegedly attempting to create a cryptocurrency coin which would later be sold "to raise money for a shell company." Govt. Let., p. 4. This allegation is plainly inaccurate. As aptly stated in the attached letter (Exhibit A) submitted by four

Honorable Joseph F. Bianco
May 7, 2021
Page 5

individuals (the "Affiants"), none of whom the government attempted to interview, the section of the government's letter "titled 'The Defendant's Efforts to Create Cryptocurrency" is "**nonfactual and misleading to the Court** in relation to Constantine's participation in what were two preliminary and exploratory conference calls about cryptocurrency on or about April 15, 2021 and April 18, 2021." Ex. A, p.1 (emphasis added).   In their letter the Witness convey the following:

- The Affiants, all of whom participated in the relevant phone calls and all of whom are associated with Set Jet, were all well aware of Constantine's circumstances, including the instant conviction and pending sentence;
- One of the Affiants, a successful cryptocurrency entrepreneur was invited to learn about an existing cryptocurrency, Energy Ledger Token ("ELX"), believed to be owned or created by Witness 1 and "to explore the use of cryptocurrency and/or tokens to raise capital for a potential new entity to purchase an aircraft";
- "Constantine was asked to attend the meeting by one of the Affiants "due to his knowledge and experience in the aviation industry and overall business acumen" and was "simply participating in a very early-stage exploratory telephonic meeting, at the request of a friend, to lend his experience and insight into a potential business venture for a group of individuals that he admires and trusts";
- Constantine was not compensated for his advice and "in no way, shape, or form, to be included in, or be part of, the new entity and that was made very clear from the beginning" (a fact that was "vehemently reiterated to Witness 1 during an April 22, 2021 phone call in which Constantine was not a participant);
- "Although there were some initial discussions related to the creation of cryptocurrency, the primary focus of the proposed new company was to use ELX cryptocurrency (or tokens)…";
- "The statements presumably made by 'Witness 1' that Constantine made efforts to 'create cryptocurrency and a shell company" and "for his use" are "completely and utterly false."

Ex. A, pp. 1-2.   The Affiants believe that Witness 1's apparent animosity toward Constantine may be borne out of the fact that Constantine questioned the validity of patents related to the cryptocurrency that Witness 1 purported to hold and rejected "Witness 1's strong and repeated suggestions that he knew how to avoid the US and SEC regulatory rules and restrictions for his cryptocurrency token."   Ex. A, p. 2.

In any event, the Affiants refute the government's account of the cryptocurrency discussions involving Constantine, and reveal that the very limited investigation into to the allegations the government has done has led it to make unsupported and inaccurate allegations against Constantine in a submission to the Court. For these reasons, Constantine respectfully request that the Court disregard that portion of the government's letter.

Honorable Joseph F. Bianco
May 7, 2021
Page 6

                Thank you for Your Honor's consideration of this letter.

                                          Very truly yours,

                                          *Sanford Talkin*
                                          Sanford Talkin

cc:    AUSA Matthew Haggans (by email)
       AUSA Saritha Komatireddy (by email)