| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X<br><br>UNITED STATES OF AMERICA,<br><br>-against-<br><br>TOMMY C. CONSTANTINE,<br><br>                Defendant.<br>----------------------------------------------------------X | FILED<br>CLERK<br><br>1:29 pm, May 13, 2021<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE<br><br>ORDER<br>13-CR-607 (JFB) |

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

Defendant Tommy Constantine has moved for release pending appeal. (ECF No. 991.) For the reasons set forth in detail on the record at the May 11, 2021 conference and briefly summarized here, the motion is denied.

Pursuant to 18 U.S.C. § 3143(b)(1) a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal, unless the sentencing court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). To show that a question is substantial, a defendant seeking release pending appeal must demonstrate that the appeal presents an issue that is "a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985), *cert. denied*, 474 U.S. 1008 (1985) (internal quotation marks omitted). "If a court

1

does find that a question raised on appeal is 'substantial,' it must then consider whether that question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.* (internal quotation marks omitted).

Even assuming that Constantine can establish that he is not likely to flee or pose a danger to the community by clear and convincing evidence and that the appeal is not for the purpose of delay, he has failed to demonstrate that there is a substantial question that would likely result in reversal, a new trial, a sentence that either does not include a term of imprisonment, or a reduced sentence of imprisonment shorter than the time he has served plus the expected duration of the appeal process.

Constantine relies on his claim under *Brady v. Maryland*, 371 U.S. 812 (1962), with respect to text messages on co-defendant Phillip Kenner's seized cellphone, to meet this standard. However, the Court concludes that Constantine has failed to establish that there is a substantial question of law or fact on appeal relating to this *Brady* claim. The Court has previously set forth its reasoning with respect to the *Brady* claim in its Memorandum and Order, dated October 4, 2019 (denying Constantine's motion for a new trial), in its oral ruling on November 10, 2020 (denying Constantine's renewed motion for a new trial), and in its oral ruling on May 11, 2021 (denying Constantine's motion for release pending appeal). As outlined in those rulings, Constantine has failed to demonstrate a substantial *Brady* claim because, among other things: (1) subject to any privilege issues, all the documents on Kenner's electronic devices would have been made available to Constantine had he requested to inspect them at any point before (or even during) the trial, *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) ("[E]vidence is not considered to have been suppressed within the meaning of the *Brady* doctrine

if the defendant or his attorney either knew, or should have known, of the essential facts permitting him to take advantage of that evidence." (alteration and internal quotation marks omitted)); and (2) even assuming there was a *Brady* violation, Constantine has failed to demonstrate that there is any reasonable probability that, had he been able to utilize these additional text messages, the result of the trial would have been different (especially in light of the overwhelming evidence of his guilt on all the counts of conviction, including on Counts Five and Six as to which Constantine does not even specifically argue the text messages at issue have any materiality, as well as the cumulative nature of the texts that he has identified when compared to the evidence offered by Constantine and Kenner at trial), *Youngblood v. West Virginia*, 547 U.S. 867, 870 (2006).

Accordingly, the Court denies the defendant's motion for release pending appeal.

SO ORDERED,
/s/ Joseph F. Bianco
JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(sitting by designation)

Dated:   May 13, 2021
         Central Islip, New York

3