TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042

410-964-0300

NEW JERSEY OFFICE:
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311

201-342-6665

May 20, 2021

Honorable Joseph F. Bianco
Visiting United States District Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

BY EMAIL

         Re: United States v. Constantine
            13 Cr. 607 (JFB)

Dear Judge Bianco:

  During the last conference in this matter, on May 11, 2021, the Court inquired whether the device, Kenner's cellular phone, from which the missing text messages were originally extracted is currently in the government's possession. The reason for this inquiry was that the Court correctly observed that defendant Tommy Constantine ("Constantine") and counsel were operating under the belief that the device had been lost. The government has since filed a letter, dated May 19, 2021 (DE 1044), informing the Court that the Federal Bureau of Investigation is in possession of Kenner's cellphone. As a result, the defense has endeavored to determine the origin of its apparently mistaken belief that cellphone was lost.

  On June 24, 2020, Constantine filed a Supplemental *Brady* Motion regarding the missing text messages (DE 867). The government responded in a letter dated September 11, 2020 (DE 913, which also incorporated the government's prior response, DE 84, by reference) and Constantine replied by letter dated September 23, 2020 (DE 916). In his reply, Constantine unequivocally stated his position that he believed Kenner's cellphone to be lost and wrote, "The government has admittedly lost and failed to produce the original electronic device from which the [text messages] were downloaded." This assertion was never refuted by the government prior to the May 11, 2021 conference and the related May 19, 2021 letter (DE 1044). Additionally, the government had repeatedly asserted that, despite Constantine's numerous complaints that he was

not in possession of the texts, the *Brady* motion should be denied because, "Constantine has not established that the text messages were exculpatory or material." [CITE] (*See also* DE 913, "Constantine's motion should be denied "because he still fails to meet his burden of demonstrating" that the texts are exculpatory and material). This position by the government contributed to defendant's belief that the device, and the texts thereon, were not available because there would be no logical reason, other than the phone being lost, for the government to fail to disclose the texts from the device to permit him, and the Court, to determine if the undisclosed texts were exculpatory and material. The extensive litigation on the issue has been conducted under the belief that it was not been possible to review the missing text messages. The government at any time could and should, have revealed that the texts were available for defense review.

Based on the above, Constantine respectfully requests that the Court order the government provide him with all texts contained on Kenner's cellphone so that Constantine can review them and determine whether they are material and exculpatory. Thank you for Your Honor's consideration of this letter and application.

Very truly yours,

*Sanford Talkin*
Sanford Talkin


cc: AUSA Matthew Haggans (by ECF)
AUSA Saritha Komatireddy (by ECF)