

U.S. Department of Justice

United States Attorney
Eastern District of New York

610 Federal Plaza
Central Islip, New York 11722

JJD:SK/JMH
F. #2013R00948

May 28, 2021

By ECF

The Honorable Joseph F. Bianco
Visiting United States Circuit Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:   United States v. Tommy Constantine
              Criminal Docket No. 13-607 (JFB)

Dear Judge Bianco:

      The government respectfully submits this letter in response to the Court's order of May 21, 2021, directing the government to respond to the above-referenced defendant's Brady allegations concerning electronic devices belonging to his co-defendant Phillip Kenner ("Kenner"). See Order (May 21, 2021); Motion, ECF No. 1045 ("the Motion").

      The devices at issue—a Kenner laptop ("the Kenner Laptop") and iPhone ("the Kenner iPhone") (collectively, "the Devices")—were seized in 2013. The contents of the Devices ("the Contents") were produced to Kenner, but not to the defendant, because the Contents were subject to multiple potential claims of privilege.

      Years after trial, the defendant complained that Kenner's Devices and the Contents—specifically text messages on the Kenner iPhone—were crucial to his defense of the case, and that the prosecution team unlawfully suppressed them under Brady v. Maryland. The Court has denied that motion for relief, styled in several different forms, several times. Then the defendant fashioned a new, bold claim: not only did the prosecution team suppress the Devices and their Contents, but the prosecution team also lost them, irretrievably, forever. That claim surprised both the Court and the prosecution team. Prudentially, the Court directed the prosecution team to reconfirm that the Devices and their Contents remained in government custody. The prosecution team did so. The defense—and his appellate counsel, simultaneously, in the Second Circuit Court of Appeals—contend that this is a remarkable new development demanding judicial relief by two courts.

It is not. It is not a development, other than by correcting the mistaken beliefs of defendant's counsel. The Motion should therefore be denied, for the reasons set forth below.

I.     The Devices and Contents Are Seized and Subjected to A Privilege Review

On November 13, 2013, the Devices were seized, and later searched pursuant to a search warrant. See Order, ECF No. 329 (Aug. 28, 2015) (Court's order denying Kenner's motion to suppress, inter alia, the Devices and Contents). As the Court's August 2015 Order states, "the [prosecution team] was not able to immediately review the [Contents] because the defendant's [Devices] contained many documents that were likely subject to the attorney-client privilege." Id. at 2. Accordingly, the prosecution team empaneled a privilege review team to review the contents of the Devices and "identify[] documents that might be privileged, notify[] the defense, and resolv[e] any privilege issues. The trial team was not permitted to review the [Devices] until that process was complete." Id. at 3.[1]

The complete Contents—being Kenner's—were produced in full to Kenner. See ECF No 48. Constantine, as co-defendant, was not entitled to receive the complete Contents, only those portions of the Contents that might be discoverable under Rule 16, Brady, Giglio, or some other discovery rule, and only if such materials were made available to the prosecution team following the privilege review process. Accordingly, throughout the discovery phase of the case, the prosecution team produced materials that cleared the privilege review process to Constantine where necessary. See, e.g., ECF Nos. 165, 198 (gov't discovery letters producing materials from Kenner's Devices to Constantine).[2]

The privilege review team's work came to an end in early 2015 and, as the matter neared trial, the prosecution team's review of materials provided by the privilege review team came to an end. See, e.g., Letter, ECF No. 259 at 2-3 (May 31, 2015) ("[T]he government acknowledges that it may not – and will not – review or use non-responsive material from the imaged copy [of the Kenner Laptop] in its criminal investigation but

---

[1]     The Court's opinion refers to both the Kenner Laptop and the Kenner iPhone. See, e.g., ECF No. 329 passim. At oral argument, it was also clear that the Kenner iPhone was at issue. See, e.g., Tr. at 68, ECF No. 235 (transcript of argument held Mar. 13, 2013) (Court's observation that the question was "whether the Court should suppress the evidence from the laptop and the iPhone" (emphasis added)); see also ECF No. 168 at 11-12) (Gov't's opposition to Kenner's suppression motion filed Feb. 24, 2015) ("Kenner's laptop and cellphone were seized pursuant to a search warrant. Before any search took place, a privilege review team was installed . . . That privilege review proved a massive undertaking[.]").

[2]     As the prosecution team has later acknowledged, as of this writing, it is unable to locate archive copies of certain discovery productions to Constantine. See, e.g., ECF No. 772 at 1 (Nov. 27, 2019) ("[T]he government does not have copies of the productions[.]").

requests permission to retain a complete imaged copy in its custody solely for purposes of authentication.").

Constantine attended the Court proceedings (sometimes by telephone, with counsel present in person); he received copies of these filings; and the discovery letters; and the Court's orders. It was clear to all parties that only Kenner—not the prosecution team, and not Constantine—had complete copies of the Devices, i.e., the Contents.

II.     Trial and Receipt in Evidence of Some of the Contents from Kenner

At trial, Kenner's testimony in his own defense referred to "approximately 89,000" text messages seized from his iPhone, noting that they had been received by him during the discovery process. See Trial Tr. at 4156-60. Kenner also testified about how those same text messages (and other matters) were available to him at the defense table throughout trial. See Trial Tr. at 4123-24. Kenner also introduced a number of text messages into evidence. See, e.g., Kenner Exhibits K-203 through K-209 (among others).

Constantine was present for Kenner's testimony. He was present when these exhibits were received into evidence. Neither Constantine nor his counsel raised any alarm.

III.    Post-Trial Litigation

   A.   Kenner Seeks Return of the Devices

Kenner sought to compel the return of the Devices to his custody. See ECF No. 670 (June 17, 2019). The prosecution team opposed, noting that the Devices were properly in government custody and should remain so, pending a final disposition of the case. See ECF No. 678 at 2-3 (July 23, 2019); see also, e.g., Lavin v. United States, 299 F.3d 123, 128 (2d Cir. 2002) ("A defendant's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property.").[3] The prosecution team stated explicitly: "The government will retain [the Kenner Laptop]," ECF No. 678 at 2, and "[T]he government will retain th[e Kenner] iPhone pending a final disposition of this case." ECF No. 678 at 3. There was no ambiguity about the existence of the Devices: they were then, and remain now, in FBI custody.

Constantine and his counsel were copied on these filings, which (but for an exhibit, the receipt for the items seized) were filed on the public docket.

   B.   The Defendant Claims a *Brady* Error Focused on the Kenner iPhone

After trial, after Kenner filed multiplicitous, voluminous documents highlighting various compilations of his text messages, the defendant (by new counsel)

---

[3]     It is the recollection of the undersigned that, as relevant to the Devices, the Court later denied Kenner's motion in a verbal order from the bench.

3

began to hint at the possibility that those text messages were in the prosecution team's custody, were required to be produced, and were not. See, e.g., ECF No. 704, n.4 (Aug. 30, 2019) (supplemental motion for relief based upon ineffective assistance of counsel) ("[I]t is unclear exactly if and when Kenner's texts were disclosed to Constantine . . . If it turns out that these text messages were not part of the [pretrial discovery], Constantine will file a motion regarding a Brady violation). The prosecution team's response to this footnote summarized the procedure of the discovery process, including a summary description of the privilege review procedures. See ECF No. 712 at 4, n.1 (Sept. 12, 2019). The defendant did not dispute the prosecution team's position as to the privilege procedures employed, only asking that the prosecution team endeavor to reproduce the relevant discovery productions in which the texts may have been disclosed, had they cleared the privilege review process for production to Constantine and the prosecution team. See EF No. 717 at 6, n.6 (Sept. 18, 2019).

The Court rejected this first effort by Constantine in a written opinion on October 4, 2019. The Court noted its independent recollection that many of the complained-of text messages had been used at trial. See ECF No. 729 at 28, n.10 (Oct. 4, 2019) ("Moreover, as noted infra, many of these text messages were utilized at the trial . . . In any event, Constantine has failed to make [a] showing [of a Brady violation].").

C.  The Court Denies the *Brady* Claim Again at Sentencing

After sentencings were delayed by the onset of the COVID-19 pandemic, the defendant sought to keep the Brady issue alive, noting that—based upon a review conducted by a retained forensic expert—the Kenner iPhone texts did not appear to be present upon the discovery media upon which it was most likely for them to have been disclosed, had they cleared the privilege review process. See, e.g., ECF No. 867 (June 24, 2020). The prosecution team's response—ECF No. 913 (Sept. 11, 2020)—relied largely upon its earlier filings, but made no reference to any loss of the Devices or their original Contents.

In its reply, the defendant stated that the prosecution team had "admittedly lost and failed to produce the original electronic device from which the Discovery Materials were downloaded." See ECF No. 916 (Sept. 23, 2020). This assertion—read in the context of the history of this issue—reads as a reference to the prosecution team's admitted inability to locate an archive copy of the productions made to the defendant via the results of the privilege review back in 2015. Not as a concession that the Devices and the Contents had been irretrievably lost.

Indeed, had the prosecution team made such a concession, the defendant would likely have highlighted that fact at sentencing just a few weeks later when the Court addressed this very issue. The transcript of the proceeding makes quite clear that the attendees understood the "lost" materials to be the prosecution team's archive copies of the discovery productions. See, e.g., Tr. of Sentencing at 3-4 (Nov. 10, 2020) (reviewing the record with specific reference to the "discovery flash drives that the government provided to Mr. Constantine"). The Court denied the motion, observing that it was clear to all

4

parties and to the Court at the time of trial that "everybody understood that [the Devices] were going to a privilege team . . . they were not looking at every single document on those electronic devices . . . then once they did that review of privilege . . . [they would] pass it to Mr. Constantine and the government trial team." Id. at 4. The Court also relied upon its independent observation that there had been no request by the defendant or counsel to examine the Devices: "Everyone understood they were available." Id. at 5. The Court also rejected the theory that these text messages were somehow crucial, whether as exculpatory information or impeaching information: "[T]he bottom line is, I find absolutely no prejudice resulted from the failure to have these text messages at the trial." Id. at 6. The basis for the Court's statement was the voluminous filings by Kenner attaching many copies of many of his text messages: "I went back and looked at the text messages . . . I looked at them individually and collectively, and I am quite confident, having presided over the trial, that none of those text messages individually or collectively would have had any impact[.]" Id. at 6-7.

D. The Defendant Raises the <u>Brady</u> Claim Again Seeking Bond Pending Appeal

The defendant moved for continued bond pending appeal (a motion that the Court has since denied). As relevant here, however, the sole appellate issue proffered by the defendant related again to the alleged <u>Brady</u> claim. The defendant again couched the claim in the language of destruction, but the bulk of the context again made clear (or, at least, clear to the prosecution team) that the defendant was referencing the archive discovery copies, not the original Devices or their Contents. See ECF 991 (Jan 25, 2021). Only at the end of this application did Constantine state clearly, for the first time, the allegation that the prosecution team had lost the Kenner iPhone and any extraction thereof, i.e., the Contents. Id. at 3-4.

The prosecution team's opposition to Constantine's motion for bond pending appeal largely relied upon its prior filings and the prior rulings of the Court. See ECF No. 996 (Feb. 5, 2021).[4]

The Court held oral argument on May 11, 2021. Both the Court and the prosecution team were surprised at the defendant's contention that the Kenner iPhone had been irretrievably lost:

> [I]t almost seemed like you were suggesting in the letter that nobody could ever determine the univers[e] of files that Mr. Kenner was utilizing during the trial . . . my understanding is that the FBI still has, to this day, his cell phone and his laptop in some evidence vault that has everything . . . [T]he fundamental question

---

[4] In 2019, in the litigation over Kenner's motion to compel the return of the Devices, the prosecution team had stated that the Devices remained in government custody. In light of that direct and unambiguous representation that the Devices, including the Kenner iPhone, were still in government custody, the prosecution team was not alert to the possibility that the defendant had erroneously supposed that the opposite was true.

5

is whether or not the actual items are still in the possession of the
FBI. What's the answer for that?

Tr. at 5-6 (May 11, 2021) (statement of the Court). The prosecution team responded: "[T]he answer is, yes, I believe that they are." Id. at 6; see also id. at 8 (Court: "For years, Mr. Kenner wanted those back and the government said, no, we need them for evidence . . . So that's been my understanding all along, so I was a little surprised—" to which the prosecution team responded "Yeah."); id. at 12 (Court: "I think it's an important thing for [the defendant] to be under the misimpression that . . . the original documents were . . . destroyed. I think that's an important thing to clarify on the record."); id. at 13-14 (Court: "I didn't understand [the prosecution team] to say, like, we can't find [Kenner's] phone or we can't find Mr. Kenner's original laptop. I didn't understand them to ever say that.").

Accordingly, at the Court's directive, the prosecution team reconfirmed the continued existence of the Devices in the government's custody. See ECF No. 1044 (May 19, 2021).

At the same May 19 conference, the Court again denied the Brady motion on the merits, noting that the "record does not support the contention that [Constantine] was unaware that the government's production of materials to him" from the Devices "did not contain all of the materials." Tr. at 17 (May 11, 2021) (continuing "[E]verybody knew. I knew. Mr. Constantine knew. Mr. Constantine's lawyer knew. The government knew[.]"). The Court also noted that—based upon the prosecution team's objections to Kenner's introduction of text messages at trial—that the only reasonable conclusion was that the prosecution team also did not have the text messages in question: "[I]t was clear that Mr. Kenner . . . was essentially printing these texts off of his computer and offering them. The government has no familiarity with these from its own production. So this was not something the government was deliberately hiding[.]" Id. at 21. As a second and independent basis to deny relief, the Court noted that the text messages presented "would have had no impact on the jury verdict." Id. at 24. And as a third basis to deny relief, the Court noted that the convictions under Counts Five and Six were wholly unrelated to any issue that the text messages could have put in doubt. See id. at 25-26.

E. The Motion to Compel and its Companion Motion in the Second Circuit

On May 14, 2021, Constantine filed his opening brief in his appeal, contending that the prosecution team had not only failed to produce contents of the Kenner iPhone (again, assuming those contents had cleared the privilege review process), but the prosecution team had also destroyed the evidence in bad faith. See United States v. Constantine, No. 20-4278 (2d Cir. May 14, 2021) ("Constantine Appeal"). Appellate counsel devoted much of the brief to this supposition. This was also a surprise to the prosecution team considering that—before Your Honor—the parties had been discussing the same issue on May 11, 2021, and the prosecution team was preparing to respond on that same issue just a few days later, in what ultimately became ECF No. 1044.

6

The defendant moved to compel production of the Kenner iPhone on May 20, 2021. See ECF No. 1045. On the same day, appellate counsel made the same application in the Second Circuit. See Constantine Appeal (May 20, 2021) (seeking both an order to produce the Kenner iPhone text messages and a limited remand to this Court so this Court may consider the Brady claim anew).

IV.     Legal Analysis

None of the legal analysis has changed. To merit a new trial, the defendant bears the burden to demonstrate "both that the Government suppressed exculpatory information and that the information was material." United States v. Douglas, 415 F. Supp. 2d 329, 336 (S.D.N.Y. 2006). Evidence is not "suppressed" if the defendant "either knew . . . or should have known . . . of the essential facts permitting him to take advantage" of it. United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982). Evidence is also not suppressed unless it is "known to the prosecution[.]" United States v. Agurs, 427 U.S. 97, 103 (1976).

The gravamen of the defendant's complaint is that the text messages allegedly withheld would have provided valuable impeachment material. "A prosecutor is not constitutionally obligated to obtain information dehors his files for the purpose of discovering information which defense counsel can use in impeaching the credibility of a prosecution witness." Morgan v. Salamack, 735 F.2d 354, 358 (2d Cir. 1984). "Allegedly suppressed evidence is material, for these purposes, only if there is a reasonable possibility that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Douglas, 415 F. Supp. 2d at 336.

In summary, to merit relief, the defendant has to demonstrate: the prosecution team had all the messages from the Kenner iPhone; the prosecution team thereafter failed to disclose them; the defendant had no notice of their existence; and the messages were exculpatory or impeaching to such an extent that the result of the trial is in doubt.

The defendant has failed at each turn. At a basic level, of course, "the government" possessed the Kenner iPhone and its Contents at the time of trial. But the record demonstrates conclusively that the prosecution team had only those materials on the Kenner iPhone that cleared both the privilege review process, and the responsiveness review process pursuant to the search warrant under which the Kenner iPhone was searched. Constantine has failed to show otherwise.

Even assuming that the prosecution team had these materials, Kenner had them too. And Kenner used them at trial. Constantine was present. He cannot now claim that he was wholly unaware of their existence. The fact that the government still has the Devices and their Contents does not change that.

Finally, the defendant has failed to raise any serious issue with any of the Court's prior rulings on the impeachment value of these text messages, based upon the robust sampling provided by Kenner in his voluminous filings. Constantine's speculation that the remainder of Kenner's texts constitute crucial impeachment material is just that: speculation.

7

V. <u>Kenner's Ongoing Interest in the Devices</u>

As set forth above, Kenner has maintained an ongoing interest in the Devices, including the Kenner iPhone. He has demanded their return and may retain both Fourth Amendment interests and attorney-client privilege in some or all of their contents. The government has to date maintained them in FBI custody, even in the face of these motions, to preserve them for use as physical evidence and to authenticate the limited number of trial exhibits used by the prosecution team from the materials cleared by the privilege review team from the Devices. <u>See</u> Letter, ECF No. 259 at 2-3 (May 31, 2015).

In the event the Court were to order some kind of relief as to the Kenner iPhone, a number of practical problems would arise. First, to engage in the kind of broad production demanded by the defendant, the government believes Kenner would have to consent. Second, all parties agree there are privileged communications on the Kenner iPhone—communications that the prosecution team should be barred from viewing <u>and</u> that Constantine should be barred from viewing. The government could not, therefore, produce a copy of the Contents of the Kenner iPhone without undertaking another privilege review. Third, the search warrant under which the Kenner iPhone was searched was issued in 2013. The government notes that, under <u>United States v. Ganias</u>, 824 F.3d 199 (2d Cir. 2016), because Kenner has sought return of the Devices, the government's ability to engage in further search and seizures relating to them may be in doubt. <u>See</u> <u>Ganias</u>, 824 F.3d at 216-17, 220 (questioning but not deciding the propriety of retaining devices for investigation).

VI. <u>Conclusion</u>

The Motion should be denied.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:     /s/
Saritha Komatireddy
J. Matthew Haggans
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (JFB)
    Counsel of Record (by ECF)
    Appellate Counsel of Record (by Email)
    Phillip Kenner, <u>pro se</u> (by First Class Mail)