BGK:DCL:MMO
F.# 2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA,

           - against -

PHILLIP A. KENNER,
      also known as
         "Philip A. Kenner," and
TOMMY C. CONSTANTINE,

          Defendants.

– – – – – – – – – – – – – – – –X

**SUPPLEMENTAL PRELIMINARY
ORDER OF FORFEITURE**

13-CR-607 (S-2) (JFB)

WHEREAS, on or about July 9, 2015, PHILLIP A. KENNER, also known as

"Philip A. Kenner" ("Kenner"), was convicted after a jury trial of the offenses charged in Counts

One through Four, Seven and Nine of the above-captioned Superseding Indictment, charging

violations of 18 U.S.C. §§ 1343, 1349, and 1956(h);

WHEREAS, on or about July 9, 2015, TOMMY C. CONSTANTINE

("Constantine") was convicted after a jury trial of the offenses charged in Counts One through

Six and Count Nine of the above-captioned Superseding Indictment, charging violations of 18

U.S.C. §§ 1343, 1349, and 1956(h);

WHEREAS, on or about March 16, 2020, the Court entered a Preliminary Order

of Forfeiture as to Kenner, Docket Entry 825 ("Kenner's March 2020 Preliminary Order"), and a

Preliminary Order of Forfeiture as to Constantine, Docket Entry 826 ("Constantine's March

2020 Preliminary Order"), (collectively, the "March 2020 Preliminary Orders"), requiring

Kenner and Constantine (collectively, the "defendants"), to forfeit to the United States, pursuant

to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), and 28 U.S.C. § 2461(c), all right, title and

interest in the following, *inter alia*:

A.    the proceeds of an interlocutory sale (the "Interlocutory Sale") of the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S., Mexico 23473 (the "DCSL Resort"),[1] which Interlocutory Sale shall be conducted pursuant to Court order, provided, however, that in the event the Interlocutory Sale does not close within eighteen (18) months of March 16, 2020, the date the March 2020 Preliminary Orders were entered by the Court, and no further modifications to March 2020 Preliminary Orders are entered by the Court, the defendants must alternatively forfeit all right, title and interest in:

1.  Baja Ventures 2006, LLC ("Baja Ventures"), and all proceeds traceable thereto, excluding all liabilities;

2.  KAJ Holdings, LLC ("KAJ Holdings"), and all proceeds traceable thereto, excluding all liabilities;

3.  CSL Properties 2006, LLC ("CSL Properties"), and all proceeds traceable thereto, excluding all liabilities;

4.  Diamante Properties, LLC (Diamante Properties"), and all proceeds traceable thereto, excluding all liabilities;

5.  Somerset, LLC ("Somerset"), and all proceeds traceable thereto, excluding all liabilities; and

6.  the DCSL Resort,[2] and all proceeds traceable thereto, with the exception of the following rights, titles and/or interests in the

---

[1] The March 2020 Preliminary Orders provide that, to the extent it maximizes value, an interlocutory sale of the real property need not be limited to a sale of only the real property. The interlocutory sale can include, but is not limited to, a sale of any or all equity interest(s) in Diamante Cabo San Lucas S. de R.L. de C.V. (the "DCSL Mexican Entity") and/or Diamante Cabo San Lucas, LLC (the "DCSL U.S. Entity").

[2] The March 2020 Preliminary Orders provide that the forfeiture of the real property need not be limited to the forfeiture of only the real property. The forfeiture can include, but is not limited to, forfeiture of: (a) the DCSL Mexican Entity, excluding all liabilities; (b) the DCSL U.S. Entity, excluding all liabilities; (c) any or all equity interest(s) in the DCSL Mexican Entity; and/or (d) any or all equity interest(s) in the DCSL U.S. Entity.

DCSL Resort, which exception is subject to the limitations set forth below in subparagraph (iv):

i. any and all timeshare membership interests that have been or will be purchased pursuant to a "Timeshare Service Agreement" or "Service Agreement" for "weekly vacation lodging rights" at the "Ocean Club Residences," the "Dunes Residence Club," the "Beach Estate Residence Club," the "Golf Villa Residence Club," the "Casa Cardonal Residence Club," and/or "The Resort Club";

ii. any and all ownership interests in the real property known as "Las Cantinas," the "Golf Villas Condominium," the "Beach Estates Development Condominium," the "Casitas Condominium," the "Dunes Residences Condominium," "Casa Cardonal," the "Sunset Hill Condominium," "San Marco," and/or the "Ocean Club Residences," that have been or will be purchased for residential purposes from the developer of the DCSL Resort pursuant to a "Promissory Agreement for the Sale of Real Estate for Residential Purposes" and/or a "Promise to Constitute a Trust Agreement";

iii. the property, and all rights appurtenant to such property, that was purchased from the DCSL Resort by KTRC pursuant to an Irrevocable Transfer of Title and Management Trust Agreement, Subject to a Right to Reacquire, Number CIB/2176, executed on or about January 22, 2015, for purposes of developing and operating up to three hotels and a restaurant, including, but not limited to: (a) the Hard Rock Hotel Los Cabos Resort, owned by KTRC, located at Fraccionamiento Diamante Cabo San Lucas, Baja California Sur 23473 Mexico; and (b) Nobu Los Cabos, located at Poligono 1, Fraccion D, Fracc. Diamante Cabo San Lucas, Baja California Sur. Mexico. C.P. 23473;

iv. however, the exception described in this paragraph (A)(6) above shall not apply to or be available to any interests owned or purchased, directly or indirectly, by: Kenner; Constantine; Kenneth A. Jowdy; Taffy Jowdy; current or former employees of Lehman Bank; current or former employees of Danske Bank A/S, London Branch; Con K Mex S de RL de CV; Terraplana Project

R.L de C.V; Operadora Legacy; Legacy Properties, LLC; Legacy Cabo LLC; Ironman Marketing S de RL de CV; Brent Underdhal; Terry Harker; Greg Carrafiello; Eduardo Romo; Fernando Garcia; William J. Najam, Jr.; William Najam III; Modu Seye; Masood Bhatti; Gregory C. Filardi; Lenny Escudero; Ken Ayers; Robert Gaudet; Mark Thalman; Chris Haney; Shawn Hughes; Anthony Miranda; Dave Osborne; John Neuhoff; Patricia Formisano; Maya Neuhoff; Silverpeak Manager LLC; Brett Bossung; Mark Investments LLC; Jeffrey Mark; and/or SH55 LLC, as any such interests are subject to forfeiture;

    B.    the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, and all proceeds traceable thereto; and

    C.    one 1976 Falcon 10 airplane, Aircraft Serial Number: 69, Engine Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC, and all proceeds traceable thereto,

as: (a) property, real or personal, constituting or derived from proceeds obtained directly or

indirectly as result of Kenner's and Constantine's violations of 18 U.S.C. §§ 1343 and

1349; (b) property, real or personal, involved in Kenner's and Constantine's violations of

18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets,

pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

    WHEREAS, by verified petition filed on or about May 6, 2020, Danske

Bank A/S London Branch ("Danske") asserted an interest in the DCSL Resort; Baja

Ventures; Diamante Properties; CSL Properties; KAJ Holdings; PF Ventures, LLC; and the

DCSL U.S. Entity, (Docket Entry 836) ("Danske's Ancillary Petition");

    WHEREAS, Kenner was sentenced on October 5, 2020, and Constantine

was sentenced on November 10, 2020;

WHEREAS, pursuant to a Stipulation of Settlement Agreement between the United States, Danske, and Diamante Resort, LLC, relating to Danske's Ancillary Petition, dated March 9, 2022 (the "Settlement Stipulation"), the amount of fourteen million, three hundred thousand dollars and zero cents ($14,300,000.00), and all proceeds traceable thereto (the "Settlement Funds), was remitted to the United States on or about June 15, 2022; and

WHEREAS, pursuant to the Settlement Stipulation, the United States has agreed to forfeit the Settlement Funds in lieu of forfeiting: (a) all right, title and interest, directly or indirectly, in the DCSL Resort, and all proceeds traceable thereto; (b) the DCSL Mexican Entity; (c) the DCSL U.S. Entity; (d) any or all equity interests in the DCSL Mexican Entity; (e) any or all equity interests in the DCSL U.S. Entity; (f) all right, title and interest in Baja Ventures, and all proceeds traceable thereto; (g) all right, title and interest, directly or indirectly, in KAJ Holdings, and all proceeds traceable thereto; (h) all right, title and interest, directly or indirectly, in CSL Properties, and all proceeds traceable to; (i) all right, title and interest in Diamante Properties, and all proceeds traceable thereto; (j) all right, title and interest, directly or indirectly, in Somerset, and all proceeds traceable thereto; and (k) the real property and premises that is designated as Parcel #55 located in the Sunset Hill Condominium development within the DCSL Resort ("Parcel 55") ((a) through (k), collectively, the "Released Assets").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendants shall forfeit to the United States all right, title and interest in the Settlement Funds. The forfeiture of the Settlement Funds shall not be

credited towards the forfeiture money judgments ordered in the March 2020 Preliminary Orders.

2.     Forfeiture of the Settlement Funds in the above-captioned action shall be in lieu of forfeiture of the Released Assets. The portions of the March 2020 Preliminary Orders relating to seizure or forfeiture of the Released Assets, the United States holding title to the Released Assets, and to the Post-Conviction Protective Order dated August 21, 2015, as modified by the Court's Modification to Post-Conviction Protective Order dated February 7, 2017, and only such portions of the March 2020 Preliminary Orders, are hereby vacated, with the March 2020 Preliminary Orders, including, but not limited to, the forfeiture money judgments ordered in the March 2020 Preliminary Orders, otherwise remaining in full force and effect.

3.     Upon entry of this Supplemental Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to seize the Settlement Funds, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Supplemental Preliminary Order of Forfeiture.

4.     The Post-Conviction Protective Order dated August 21, 2015 (Docket Entry 330), as modified by the Court's Modification to Post-Conviction Protective Order dated February 7, 2017 (Docket Entry 452), is hereby vacated.

5.     The United States shall publish notice in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to

dispose of the Settlement Funds in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Settlement Funds as a substitute for published notice as to those persons so notified.

6. Any person, other than the defendants, asserting a legal interest in the Settlement Funds may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Settlement Funds, and for an amendment of this Supplemental Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Settlement Funds must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and relief sought.

7. The defendants shall not file or interpose any claim or assist others to file or interpose any claim to the Settlement Funds. The defendants shall fully assist the government in effectuating the forfeiture of the Settlement Funds and shall take whatever steps are necessary to ensure clear title to the Settlement Funds passes to the United States, including the execution of any and all documents necessary to effectuate the forfeiture of the Settlement Funds to the United States. If the Settlement Funds, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Supplemental

Preliminary Order of Forfeiture against any other assets of the defendants up to the value of the Settlement Funds, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

8.       Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), Kenner's March 2020 Preliminary Order was final as to Kenner and made part of his sentence and included in his judgment of conviction (Docket Entry 922). Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), Constantine's March 2020 Preliminary Order was final as to Constantine and made part of his sentence and included in his judgment of conviction (Docket Entry 956). Pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), this Supplemental Preliminary Order of Forfeiture is entered to include substitute property in the defendants' March 2020 Preliminary Orders that qualifies for forfeiture, namely, fourteen million, three hundred thousand dollars and zero cents ($14,300,000.00) (*i.e.*, the Settlement Funds) obtained pursuant to a Stipulation of Settlement Agreement relating to Danske Bank's Ancillary Petition, dated March 9, 2022 (*i.e.*, the Settlement Stipulation), as set forth above.

9.       If no third party files a timely claim to the Settlement Funds, Kenner's March 2020 Preliminary Order, as modified by this Supplemental Preliminary Order of Forfeiture, shall become a Final Order of Forfeiture; and Constantine's March 2020 Preliminary Order, as modified by this Supplemental Preliminary Order of Forfeiture, shall become a Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited in such Orders shall be forfeited to the United States for disposition in accordance with the law.

10.       The United States alone shall hold title to the Settlement Funds following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11.     The forfeiture of the Settlement Funds shall not be considered a
payment of a fine, penalty, restitution, or any income taxes that may be due, and shall survive
bankruptcy.

12.     This Supplemental Preliminary Order of Forfeiture shall be
binding upon the defendants, and their respective successors, administrators, heirs,
assigns and transferees, and shall survive the bankruptcy of any of them.

13.     This Supplemental Preliminary Order of Forfeiture shall be
final and binding only upon the Court's "so ordering" of this Order.

14.     The Court shall retain jurisdiction over this action to enforce this
Supplemental Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Fed.
R. Crim. P. 32.2(e).

15.     The Clerk of the Court is directed to send, by inter-office mail, five (5)
certified copies of this executed Supplemental Preliminary Order of Forfeiture to FSA Paralegal,
Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza,
5th Floor, Central Islip, New York 11722.

Dated:     Central Islip, New York
           July 19          , 2022

                                        SO ORDERED:
                                        s/Joseph F. Bianco

                                        HONORABLE JOSEPH F. BIANCO
                                        UNITED STATES CIRCUIT JUDGE
                                        (SITTING BY DESIGNATION)
                                        EASTERN DISTRICT OF NEW YORK