BGK:DCL:MMO
F.# 2013R00948

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 01 2022 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

- against -

PHILLIP A. KENNER,
 also known as
  "Philip A. Kenner," and
TOMMY C. CONSTANTINE,

  Defendants.

- - - - - - - - - - - - - - - - -X

ORDER DISMISSING THIRD-PARTY
ANCILLARY PETITIONS

13-CR-607 (S-2) (JFB)

  WHEREAS, on or about July 9, 2015, PHILLIP A. KENNER, also known as "Philip A. Kenner" ("Kenner"), was convicted after a jury trial of the offenses charged in Counts One through Four, Seven and Nine of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 1343, 1349, and 1956(h);

  WHEREAS, on or about July 9, 2015, TOMMY C. CONSTANTINE ("Constantine") was convicted after a jury trial of the offenses charged in Counts One through Six and Count Nine of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 1343, 1349, and 1956(h);

  WHEREAS, on or about March 16, 2020, the Court entered Preliminary Orders of Forfeiture, Docket Entries 825 and 826 (the "March 2020 Preliminary Orders"), requiring Kenner and Constantine (collectively, the "defendants"), to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), and 28 U.S.C. § 2461(c), all right, title and interest in the following, *inter alia*:

A. the proceeds of an interlocutory sale (the "Interlocutory Sale") of the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S., Mexico 23473 (the "DCSL Resort"),[1] which Interlocutory Sale shall be conducted pursuant to Court order, provided, however, that in the event the Interlocutory Sale does not close within eighteen (18) months of March 16, 2020, the date the March 2020 Preliminary Orders were entered by the Court, and no further modifications to the March 2020 Preliminary Orders were entered by the Court, the defendants must alternatively forfeit all right, title and interest in:

1. Baja Ventures 2006, LLC ("Baja Ventures"), and all proceeds traceable thereto, excluding all liabilities;

2. KAJ Holdings, LLC ("KAJ Holdings"), and all proceeds traceable thereto, excluding all liabilities;

3. CSL Properties 2006, LLC ("CSL Properties"), and all proceeds traceable thereto, excluding all liabilities;

4. Diamante Properties, LLC (Diamante Properties"), and all proceeds traceable thereto, excluding all liabilities;

5. Somerset, LLC ("Somerset"), and all proceeds traceable thereto, excluding all liabilities; and

6. the DCSL Resort,[2] and all proceeds traceable thereto, with the exception of the following rights, titles and/or interests in the DCSL Resort, which exception is subject to the limitations set forth below in subparagraph (iv):

    i. any and all timeshare membership interests that have been or will be purchased pursuant to a "Timeshare Service Agreement" or "Service Agreement" for "weekly vacation lodging rights" at the "Ocean Club Residences," the "Dunes Residence Club," the "Beach Estate Residence Club," the "Golf Villa Residence

---

[1] The March 2020 Preliminary Orders provided that, to the extent it maximized value, an interlocutory sale of the real property need not be limited to a sale of only the real property. The interlocutory sale could include, but was not limited to, a sale of any or all equity interest(s) in Diamante Cabo San Lucas S. de R.L. de C.V. (the "DCSL Mexican Entity") and/or Diamante Cabo San Lucas, LLC (the "DCSL U.S. Entity").

[2] The March 2020 Preliminary Orders provided that the forfeiture of the real property need not be limited to the forfeiture of only the real property. The forfeiture could include, but was not limited to, forfeiture of: (a) the DCSL Mexican Entity, excluding all liabilities; (b) the DCSL U.S. Entity, excluding all liabilities; (c) any or all equity interest(s) in the DCSL Mexican Entity; and/or (d) any or all equity interest(s) in the DCSL U.S. Entity.

Club," the "Casa Cardonal Residence Club," and/or "The Resort Club";

ii. any and all ownership interests in the real property known as "Las Cantinas," the "Golf Villas Condominium," the "Beach Estates Development Condominium," the "Casitas Condominium," the "Dunes Residences Condominium," "Casa Cardonal," the "Sunset Hill Condominium," "San Marco," and/or the "Ocean Club Residences," that have been or will be purchased for residential purposes from the developer of the DCSL Resort pursuant to a "Promissory Agreement for the Sale of Real Estate for Residential Purposes" and/or a "Promise to Constitute a Trust Agreement";

iii. the property, and all rights appurtenant to such property, that was purchased from the DCSL Resort by KTRC pursuant to an Irrevocable Transfer of Title and Management Trust Agreement, Subject to a Right to Reacquire, Number CIB/2176, executed on or about January 22, 2015, for purposes of developing and operating up to three hotels and a restaurant, including, but not limited to: (a) the Hard Rock Hotel Los Cabos Resort, owned by KTRC, located at Fraccionamiento Diamante Cabo San Lucas, Baja California Sur 23473 Mexico; and (b) Nobu Los Cabos, located at Poligono 1, Fraccion D, Fracc. Diamante Cabo San Lucas, Baja California Sur. Mexico. C.P. 23473;

iv. however, the exception described in this paragraph (A)(6) above shall not apply to or be available to any interests owned or purchased, directly or indirectly, by: Kenner; Constantine; Kenneth A. Jowdy; Taffy Jowdy; current or former employees of Lehman Bank; current or former employees of Danske Bank A/S, London Branch; Con K Mex S de RL de CV; Terraplana Project R.L de C.V; Operadora Legacy; Legacy Properties, LLC; Legacy Cabo LLC; Ironman Marketing S de RL de CV; Brent Underdhal; Terry Harker; Greg Carrafiello; Eduardo Romo; Fernando Garcia; William J. Najam, Jr.; William Najam III; Modu Seye; Masood Bhatti; Gregory C. Filardi; Lenny Escudero; Ken Ayers; Robert Gaudet; Mark Thalman; Chris Haney; Shawn Hughes; Anthony Miranda; Dave Osborne; John Neuhoff; Patricia Formisano; Maya Neuhoff;

> Silverpeak Manager LLC; Brett Bossung; Mark Investments LLC; Jeffrey Mark; and/or SH55 LLC, as any such interests are subject to forfeiture;

B. the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, and all proceeds traceable thereto; and

C. one 1976 Falcon 10 airplane, Aircraft Serial Number: 69, Engine Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC, and all proceeds traceable thereto,

as: (a) property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of Kenner's and Constantine's violations of 18 U.S.C. §§ 1343 and 1349; (b) property, real or personal, involved in Kenner's and Constantine's violations of 18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, by verified petition filed on or about May 6, 2020, Danske Bank A/S London Branch ("Danske") asserted an interest in the DCSL Resort; Baja Ventures; Diamante Properties; CSL Properties; KAJ Holdings; PF Ventures, LLC; and the DCSL U.S. Entity (Docket Entry 836) ("Danske's Ancillary Petition");

WHEREAS, third-party ancillary petitions were filed by: Mark D'Ambrosio (Docket Entry 873); Owen and Diana Nolan (Docket Entry 874); CSL Properties 2006, LLC (Docket Entry 880); Patricia Formisano (Docket Entry 881); Kenneth Jowdy and SH55, LLC (Docket Entry 882); Gregory Carrafiello and Ana Alejandra Guiterrez Flores (Docket Entry 883); Anthony Miranda (Docket Entry 884); Robert Burdick (Docket Entry 886); and Turner Stevenson (Docket Entry 888) (collectively, the "Third-Party Ancillary Petitions"), asserting an interest in one or more of the following: (a) all right, title and interest, directly or indirectly, in the DCSL Resort, and all proceeds traceable thereto;

(b) the DCSL Mexican Entity; (c) the DCSL U.S. Entity; (d) any or all equity interests in the DCSL Mexican Entity; (e) any or all equity interests in the DCSL U.S. Entity; (f) all right, title and interest in Baja Ventures, and all proceeds traceable thereto; (g) all right, title and interest, directly or indirectly, in KAJ Holdings, and all proceeds traceable thereto; (h) all right, title and interest, directly or indirectly, in CSL Properties, and all proceeds traceable to; (i) all right, title and interest in Diamante Properties, and all proceeds traceable thereto; (j) all right, title and interest, directly or indirectly, in Somerset, and all proceeds traceable thereto; and (k) the real property and premises that is designated as Parcel #55 located in the Sunset Hill Condominium development within the DCSL Resort ("Parcel 55") ((a) through (k), collectively, the "Released Assets"), or some portion thereof;

WHEREAS, the government also received third-party ancillary petitions from Bryan Berard, John Kaiser, Tyson Nash, Michael Peca and Kristin Peca, and Joe Juneau (Docket Entry 1070) (collectively, the "Additional Third-Party Ancillary Petitions"), asserting an interest in one or more of the Released Assets, or some portion thereof;

WHEREAS, Kenner was sentenced on October 5, 2020, and Constantine was sentenced on November 10, 2020;

WHEREAS, pursuant to a Stipulation of Settlement Agreement between the United States, Danske, and Diamante Resort, LLC, relating to Danske's Ancillary Petition, dated March 9, 2022 (the "Settlement Stipulation"), the amount of fourteen million, three hundred thousand dollars and zero cents ($14,300,000.00), and all proceeds traceable thereto (the "Settlement Funds), was remitted to the United States on or about June 15, 2022;

WHEREAS, pursuant to the Settlement Stipulation, the United States agreed to forfeit the Settlement Funds in lieu of forfeiting the Released Assets; and

WHEREAS, on July 19, 2022, the Court entered a Supplemental Preliminary Order of Forfeiture (Docket Entry 1162), ordering the defendants to forfeit to the United States all right, title and interest in the Settlement Funds, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c);

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Danske's Ancillary Petition, the Third-Party Ancillary Petitions and the Additional Third-Party Ancillary Petitions are dismissed as moot. /JAB/

The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Paralegal, Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York
August 1, 2022

SO ORDERED:
s/Joseph F. Bianco

HONORABLE JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(SITTING BY DESIGNATION)
EASTERN DISTRICT OF NEW YORK