AO 243 (Rev. 09/17)

RECEIVED MAR 29 2023 PRO SE OFFICE

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y.
★ MAR 29 2023 ★
BROOKLYN OFFICE
SP→3/30/23

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

## Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and _2_ copies to the Clerk of the United States District Court at this address:
   Clerk, United States District Court for   The Pro Se office
   Address                                   United States District Court
   City, State Zip Code                      Eastern District of New York
                                             225 Cadman Plaza East Brooklyn NY
                                             11201

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.



AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): Tommy C. Constantine | | Docket or Case No.: |
| Place of Confinement: USP Lompoc Camp Lompoc, CA | | Prisoner No.: 07477-408 |
| UNITED STATES OF AMERICA v. | | Movant (include name under which convicted) Tommy C. Constantine |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court Eastern District of New York

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: _____

3. Length of sentence: 120 months

4. Nature of crime (all counts): Conspiracy to commit wire fraud 18 USC 1349
   Conspiracy to commit money laundering 18 USC 1956
   Wire Fraud 18 USC 1343 (five counts)

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction?  Yes [X]  No [ ]

9. If you did appeal, answer the following:
    (a) Name of court: __Second Circuit of Appeals__
    (b) Docket or case number (if you know): __20-4278-CR__
    (c) Result: __Affirmed__
    (d) Date of result (if you know): __March 30, 2022__
    (e) Citation to the case (if you know): _____
    (f) Grounds raised: __Ineffective Assistance of Counsel__
    __Brady__
    __Trombetta__

    (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes [ ]  No [X]
    If "Yes," answer the following:
    (1) Docket or case number (if you know): _____
    (2) Result: _____

    (3) Date of result (if you know): _____
    (4) Citation to the case (if you know): _____
    (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]  No [X]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

  (4) Nature of the proceeding: _____

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☐
  (7) Result: _____
  (8) Date of result (if you know): _____
 (b) If you filed any second motion, petition, or application, give the same information:
  (1) Name of court: _____
  (2) Docket of case number (if you know): _____
  (3) Date of filing (if you know): _____
  (4) Nature of the proceeding: _____
  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☐
  (7) Result: _____
  (8) Date of result (if you know): _____
 (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
  (1) First petition:   Yes ☐    No ☐
  (2) Second petition:   Yes ☐    No ☐
 (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED

_____

(b) Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐
(2) If you did not raise this issue in your direct appeal, explain why:

_____

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐
(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED

(b) Direct Appeal of Ground Three:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

GROUND FOUR: _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED

(b) Direct Appeal of Ground Four:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐  No ☐
    (2) If you did not raise this issue in your direct appeal, explain why: _____

(c) Post-Conviction Proceedings:
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐  No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?  Yes ☐  No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    Ed Little

    (b) At the arraignment and plea:
    Joseph Conway

    (c) At the trial:
    Robert LaRusso, Andrew Oliveras

    (d) At sentencing:
    Sam Talkin

    (e) On appeal:
    Abbe Lowel, Chris Man

    (f) In any post-conviction proceeding:
    Michael Morrisey, Sam Talkin

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: 
    (c) Give the length of the other sentence: 
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on    2/11/23   .
(month, date, year)

Executed (signed) on    2/11/23    (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

The grounds for relief are Ineffective Assistance of Counsel based on (according to the Government's own defense of my Brady/Trombetta appeal) the fact that my attorneys should have known we did not receive the 90K text messages and those texts would have been instrumental in my defense during trial. Also very important: that despite the court's prior ruling on the ineffective assistance motion, that my attorneys were not effective and I was NOT overwhelmingly guilty and that if my attorneys were competent, the court would never believe that I was overwhelmingly guilty. I would then lay out what they should have said and done again. But my primary focus is to get the court to order the production of the 90K text messages which the appellate court left the door wide open by saying even though we are denying the appeal, a 2255 is still the vehicle to get the texts. I would seek an evidentiary hearing on the ineffective too by pointing out all of the things I alleged that were ineffective which Larusso never contested. For example, neither Larusso nor Conway ever refuted that Andrew was a big part of the defense and that Larusso relied on him and that he was in charge of all the evidence and that he was impaired. Nor did they truly address that I wrote everything (opening, all questions, closing etc.) and he was ill prepared and just read it. They focused on calling me a liar and saying he did in fact review the opening statement which I wrote when I said he didn't. I want to subpoena their billing records and get the facts on the number of meetings (1) and the preparation or lack thereof on the record.

Also, in the oral argument of the appeal, the Government cited Grdina to the appellate court as one of the objects where I was overwhelmingly guilty (arguing that this negated the importance of the texts) but my appellate lawyers were not prepared to argue the merits. They said they wanted to focus narrowly on Brady and they were not going to go "tit for tat" with them. If they had been prepared, they would have been able to tell the appellate court (who asked my attorney for a rebuttal on the merits during the hearing) that Grdina recanted his testimony which illustrated just how NOT overwhelmingly guilty I was particularly on that object.

My main goal is to get the court to order the production of texts and if possible, ask for a new trial or a sentence reduction because there was never any intent on my part to defraud anyone and the texts would illustrate that. These 90K texts were between Phil Kenner and his clients (and me) so if I was in a criminal conspiracy with Phil they would surely show that. I was convicted on the home depot tape (which was me essentially saying "what have you done" and "what have you gotten me into", not "we did this or that" as well as the few "bubble texts" the Government did produce which were essentially me asking Kenner for money, neither of which illustrate that I was part of an agreement to conspire to defraud anyone. I was no different than anyone else he exchanged money with during that timeframe including all the so called victims/Government witnesses. But the Government spun the home depot tape as an admission of guilt and the few bubble texts they produced which were me asking Phil to give me money (in most instances that HE owed ME) as me being part of the conspiracy. The jury even asked for the texts the Government did produce during deliberations so I don't know how they can say 90,000 MORE texts aren't relevant ot important.

Also, I don't know what grounds to use for this, but I need to illustrate to the court that the court's 94 page ruling in response to one of my motions (I think it was the 29 or 33 motion - I can't remember but I do know it was 94 pages), is erroneous particularly with respect to the Global Settlement Fund because of the court's ruling that I used the player's money for my own personal use. The court ruled in that 94 page response, that I spent $17K more than I was entitled to spend but in doing so, the court has continually ignored the $140K+/- in deposits that I made into the GSF account (in the name of Northwest Value Partners and Neptune) which means I did not use anyone's money but my own no matter how they spin the spending argument. The Government had an obligation to investigate and tell the jury the truth about who Northwest Value Partners and Neptune was that it was my money and instead, they told the jury "the only one saying Northwest Value Partners' money is Mr. Constantine's, is Mr. Constantine". My lawyers should have put the witnesses on the stand to prove that the money that I was spending was mine and or the Government should have been held accountable for intentionally ignoring and even misleading the jury as to whose it was which was easily checked by them if they cared to know.

TOMMY CONSTANTINE
 07477-408
USP LOMPOC SATELLITE CAMP
4000 VICTORY ROAD
LOMPOC, CA 93436-2737

THE PRO SE OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA
EAST BROOKLYN, NY 11201

# PRIORITY MAIL EXPRESS®

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

6

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP


PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2

---


RDC 07    11201

U.S. POSTAGE PAID
PME 1-Day
PORTER RANCH, CA
91326
MAR 28, 23
AMOUNT
$28.75
R2304E106914-22

## UNITED STATES POSTAL SERVICE® — PRIORITY MAIL EXPRESS®

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( )

TOMMY CONSTANTINE
07477-408
VSP LOMPOC SATELLITE PRISON CAMP
4000 VICTORY ROAD.
LOMPOC, CA 93436-2737

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

THE PRO SE OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA
EAST BROOKLYN, NY

ZIP + 4® (U.S. ADDRESSES ONLY)
1 1 2 0 1 - _ _ _ _

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance included.

 **PEEL FROM THIS CORNER**

EI 506 646 958 US
3/29 Wednesday

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☑ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 91326 | 3/29 | $ ~~30.00~~ ~~28~~ 28.75 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 3/28 | 9 6:00 PM | $ / | $ / |

| Time Accepted | ☐ AM ☐ PM | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 10:54 | | $ / | $ / |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ / | |

| Weight | ☐ Flat Rate | Acceptance Employee Initials | |
| lbs. ozs. | | KB | $28.75 |

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature
Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

    UNITED STATES POSTAL SERVICE®

