BGK:DCL:MMO
F. #2013R00948

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

- against -

TOMMY C. CONSTANTINE,

Defendant.

- - - - - - - - - - - - - - - -X

FINAL ORDER OF FORFEITURE

13-CR-607 (S-2) (JFB)

WHEREAS, on or about July 9, 2015, TOMMY C. CONSTANTINE (the "defendant") was convicted after a jury trial of the offenses charged in Counts One through Six and Count Nine of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 1343, 1349, and 1956(h);

WHEREAS, on or about March 16, 2020, the Court entered a Preliminary Order of Forfeiture as to the defendant, Docket Entry 826 ("Preliminary Order"), pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, providing for the entry of a forfeiture money judgment in the amount of eight million, five hundred fifty-four thousand, eight hundred fifty-three dollars and zero cents ($8,554,853.00) (the "Forfeiture Money Judgment"), in addition to finding that all right, title and interest in:

> A. the proceeds of an interlocutory sale (the "Interlocutory Sale") of the real property and premises known as Diamante Cabo San Lucas, located at Boulevard Diamante s/n, Los Cangrejos, Cabo San Lucas, B.C.S., Mexico 23473 (the "DCSL Resort"),[1] which

---

[1] The Preliminary Order provides that, to the extent it maximizes value, an interlocutory sale of the real property need not be limited to a sale of only the real property. The interlocutory

Interlocutory Sale shall be conducted pursuant to Court order, provided, however, that in the event the Interlocutory Sale does not close within eighteen (18) months of March 16, 2020, the date the March 2020 Preliminary Orders were entered by the Court, and no further modifications to March 2020 Preliminary Orders are entered by the Court, the defendants must alternatively forfeit all right, title and interest in:

1. Baja Ventures 2006, LLC ("Baja Ventures"), and all proceeds traceable thereto, excluding all liabilities;

2. KAJ Holdings, LLC ("KAJ Holdings"), and all proceeds traceable thereto, excluding all liabilities;

3. CSL Properties 2006, LLC ("CSL Properties"), and all proceeds traceable thereto, excluding all liabilities;

4. Diamante Properties, LLC (Diamante Properties"), and all proceeds traceable thereto, excluding all liabilities;

5. Somerset, LLC ("Somerset"), and all proceeds traceable thereto, excluding all liabilities; and

6. the DCSL Resort,[2] and all proceeds traceable thereto, with the exception of the following rights, titles and/or interests in the DCSL Resort, which exception is subject to the limitations set forth below in subparagraph (iv):

    i. any and all timeshare membership interests that have been or will be purchased pursuant to a "Timeshare Service Agreement" or "Service Agreement" for "weekly vacation lodging rights" at the "Ocean Club Residences," the "Dunes Residence Club," the "Beach Estate Residence Club," the "Golf Villa Residence Club," the "Casa Cardonal Residence Club," and/or "The Resort Club";

---

sale can include, but is not limited to, a sale of any or all equity interest(s) in Diamante Cabo San Lucas S. de R.L. de C.V. (the "DCSL Mexican Entity") and/or Diamante Cabo San Lucas, LLC (the "DCSL U.S. Entity").

[2] The Preliminary Order provides that the forfeiture of the real property need not be limited to the forfeiture of only the real property. The forfeiture can include, but is not limited to, forfeiture of: (a) the DCSL Mexican Entity, excluding all liabilities; (b) the DCSL U.S. Entity, excluding all liabilities; (c) any or all equity interest(s) in the DCSL Mexican Entity; and/or (d) any or all equity interest(s) in the DCSL U.S. Entity.

ii. any and all ownership interests in the real property known as "Las Cantinas," the "Golf Villas Condominium," the "Beach Estates Development Condominium," the "Casitas Condominium," the "Dunes Residences Condominium," "Casa Cardonal," the "Sunset Hill Condominium," "San Marco," and/or the "Ocean Club Residences," that have been or will be purchased for residential purposes from the developer of the DCSL Resort pursuant to a "Promissory Agreement for the Sale of Real Estate for Residential Purposes" and/or a "Promise to Constitute a Trust Agreement";

iii. the property, and all rights appurtenant to such property, that was purchased from the DCSL Resort by KTRC pursuant to an Irrevocable Transfer of Title and Management Trust Agreement, Subject to a Right to Reacquire, Number CIB/2176, executed on or about January 22, 2015, for purposes of developing and operating up to three hotels and a restaurant, including, but not limited to: (a) the Hard Rock Hotel Los Cabos Resort, owned by KTRC, located at Fraccionamiento Diamante Cabo San Lucas, Baja California Sur 23473 Mexico; and (b) Nobu Los Cabos, located at Poligono 1, Fraccion D, Fracc. Diamante Cabo San Lucas, Baja California Sur. Mexico. C.P. 23473;

iv. however, the exception described in this paragraph (A)(6) above shall not apply to or be available to any interests owned or purchased, directly or indirectly, by: Kenner; Constantine; Kenneth A. Jowdy; Taffy Jowdy; current or former employees of Lehman Bank; current or former employees of Danske Bank A/S, London Branch; Con K Mex S de RL de CV; Terraplana Project R.L de C.V; Operadora Legacy; Legacy Properties, LLC; Legacy Cabo LLC; Ironman Marketing S de RL de CV; Brent Underdhal; Terry Harker; Greg Carrafiello; Eduardo Romo; Fernando Garcia; William J. Najam, Jr.; William Najam III; Modu Seye; Masood Bhatti; Gregory C. Filardi; Lenny Escudero; Ken Ayers; Robert Gaudet; Mark Thalman; Chris Haney; Shawn Hughes; Anthony Miranda; Dave Osborne; John Neuhoff; Patricia Formisano; Maya Neuhoff; Silverpeak Manager LLC; Brett Bossung; Mark

       Investments LLC; Jeffrey Mark; and/or SH55 LLC, as any such interests are subject to forfeiture;

  B.  the real property and premises located at 95-4928 Hawaii Belt Road, Naalehu, Hawaii, parcel number 3-9-5-014-046, and all proceeds traceable thereto (the "Forfeited Hawaii Property"); and

  C.  one 1976 Falcon 10 airplane, Aircraft Serial Number: 69, Engine Type: Garrett TFE731-2, Serial Numbers P73202, P73222 and FAA Registration Mark N530TC, and all proceeds traceable thereto (the "Forfeited Airplane") (the assets listed in A through C above are collectively referred to hereinafter as the "Forfeited Assets"),

are forfeitable to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 28 U.S.C. § 2461(c), as (a) property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of the defendant's violations of 18 U.S.C. §§ 1343 and 1349; (b) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

  WHEREAS, the defendant is jointly and severally liable for the Forfeiture Money Judgment with co-defendant PHILLIP A. KENNER, also known as "Philip A. Kenner";

  WHEREAS, by verified petition filed on or about May 6, 2020, Danske Bank A/S London Branch ("Danske") asserted an interest in the DCSL Resort; Baja Ventures; Diamante Properties; CSL Properties; KAJ Holdings; PF Ventures, LLC; and the DCSL U.S. Entity, (Docket Entry 836) ("Danske's Ancillary Petition");

  WHEREAS, legal notice of the forfeiture of the Forfeited Assets was published in this district on the official government website, www.forfeiture.gov, for thirty

(30) consecutive days beginning June 18, 2020, through and including July 17, 2020 (Docket Entry 1171);

WHEREAS, on or about June 16, 2020, the government served notice to all those persons known to the government, who might have an interest in the Forfeited Hawaii Property, the Forfeited Airplane, and the Settlement Funds

WHEREAS, third-party ancillary petitions were filed by: Mark D'Ambrosio (Docket Entry 873); Owen and Diana Nolan (Docket Entry 874); CSL Properties 2006, LLC (Docket Entry 880); Patricia Formisano (Docket Entry 881); Kenneth Jowdy and SH55, LLC (Docket Entry 882); Gregory Carrafiello and Ana Alejandra Guiterrez Flores (Docket Entry 883); Anthony Miranda (Docket Entry 884); Robert Burdick (Docket Entry 886); and Turner Stevenson (Docket Entry 888) (collectively, the "Third-Party Ancillary Petitions"), asserting an interest in one or more of the following: (a) all right, title and interest, directly or indirectly, in the DCSL Resort, and all proceeds traceable thereto; (b) the DCSL Mexican Entity; (c) the DCSL U.S. Entity; (d) any or all equity interests in the DCSL Mexican Entity; (e) any or all equity interests in the DCSL U.S. Entity; (f) all right, title and interest in Baja Ventures, and all proceeds traceable thereto; (g) all right, title and interest, directly or indirectly, in KAJ Holdings, and all proceeds traceable thereto; (h) all right, title and interest, directly or indirectly, in CSL Properties, and all proceeds traceable to; (i) all right, title and interest in Diamante Properties, and all proceeds traceable thereto; (j) all right, title and interest, directly or indirectly, in Somerset, and all proceeds traceable thereto; and (k) the real property and premises that is designated as Parcel #55 located in the Sunset Hill Condominium development within the DCSL Resort ("Parcel 55") ((a) through (k), collectively, the "Released Assets"), or some portion thereof;

WHEREAS, the government also received third-party ancillary petitions from Bryan Berard, John Kaiser, Tyson Nash, Michael Peca and Kristin Peca, and Joe Juneau (Docket Entry 1070) (collectively, the "Additional Third-Party Ancillary Petitions"), asserting an interest in one or more of the Released Assets, or some portion thereof;

WHEREAS, defendant was sentenced on November 10, 2020;

WHEREAS, pursuant to a Stipulation of Settlement Agreement, dated March 9, 2022, between the United States, Danske, and Diamante Resort, LLC, relating to Danske's Ancillary Petition (the "Settlement Stipulation"), the amount of fourteen million, three hundred thousand dollars and zero cents ($14,300,000.00), and all proceeds traceable thereto (the "Settlement Funds), was remitted to the United States on or about June 15, 2022;

WHEREAS, pursuant to the Settlement Stipulation, the United States agreed to forfeit the Settlement Funds in lieu of forfeiting the Released Assets;

WHEREAS, on or about July 19, 2022 the Court entered a Supplemental Preliminary Order of Forfeiture, Docket Entry 1162 (the "Supplemental Preliminary Order"), pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, finding that all right, title and interest in the Settlement Funds is forfeitable to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 28 U.S.C. § 2461(c), as (a) property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of defendant's violations of 18 U.S.C. §§ 1343 and 1349; (b) property, real or personal, involved in defendant's violations of 18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, pursuant to the Supplemental Preliminary Order, forfeiture of the Settlement Funds is in lieu of forfeiture of the Released Assets; forfeiture of the Settlement Funds shall not be credited towards the forfeiture money judgment ordered in the Preliminary Order; and the portions of the Preliminary Order relating to seizure or forfeiture of the Released Assets, the United States holding title to the Released Assets, and to the Post-Conviction Protective Order dated August 21, 2015, as modified by the Court's Modification to Post-Conviction Protective Order dated February 7, 2017, and only such portions of the Preliminary Order, are vacated, with the Preliminary Order, including, but not limited to, the forfeiture money judgment ordered in the Preliminary Order, otherwise remaining in full force and effect;

WHEREAS, on or about August 1, 2022, the Court entered an Order Dismissing Third-Party Ancillary Petitions, Docket Entry 1166, which dismissed Danske's Ancillary Petition, the Third-Party Ancillary Petitions, and the Additional Third-Party Ancillary Petitions, as moot;

WHEREAS, legal notice of the forfeiture of the Settlement Funds was published in this district on the official government website, www.forfeiture.gov, for thirty (30) consecutive days beginning August 3, 2022, through and including September 1, 2022 (Docket Entry 1170); and,

WHEREAS, on or about July 29, 2022 and August 5, 2022, the government served notice to all those persons known to the government, who might have an interest in the Settlement Funds; and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Forfeited Hawaii Property, the Forfeited Airplane, or the Settlement Funds, and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), the Preliminary Order, and the Supplemental Preliminary Order, all right, title, and interest in the Forfeited Hawaii Property, the Forfeited Airplane, and the Settlement Funds and any payments towards the Forfeiture Money Judgment are hereby condemned, forfeited, and vested in the United States of America.

IT IS FURTHER ORDERED that the United States Marshals Service, or its duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Forfeited Hawaii Property, the Forfeited Airplane, and the Settlement Funds and any and all other payments towards the Forfeiture Money Judgment in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction over this case for the purposes of enforcing the Preliminary Order, the Supplemental Preliminary Order, and this Final Order of Forfeiture, and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of the Preliminary Order, the Supplemental Preliminary Order, and this Final Order of Forfeiture, and this Final Order of Forfeiture shall be made part of the defendant's sentence and included in the judgment of conviction.

IT IS FURTHER ORDERED that the Clerk of Court shall send by inter-office mail three (3) certified copies of this executed Final Order of Forfeiture to the United States Attorney's Office, Eastern District of New York, Attn: Asset Recovery Paralegal, Kristen Lake, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
        July 7, 2023

SO ORDERED:
s/Joseph F. Bianco

HONORABLE JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(SITTING BY DESIGNATION)
EASTERN DISTRICT OF NEW YORK